UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYA J. MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  2:22-cv-00798-JDP (SS)<br><br>ORDER |

    Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 15 & 19. The court grants plaintiff's motion, denies the Commissioner's, and remands this matter for further administrative proceedings.

**Standard of Review**

    An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On March 29, 2016, plaintiff filed an application for a period of disability and DIB, alleging disability beginning October 31, 2012. Administrative Record ("AR") 382-88. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at two administrative hearings, in June and October 2018. AR 68-162, 207-12, 214-20. On January 16, 2019, the ALJ issued a fully favorable decision, finding plaintiff disabled from her alleged onset date and granting her application. AR 189-93. Thereafter, the Appeals Council ("AC") exercised its discretion to reopen the ALJ's favorable decision, noting that evidence in the record indicated that plaintiff engaged in substantial gainful activity for more than six consecutive months during the period at issue. AR 197-201. The matter was remanded to the ALJ and, following an additional administrative hearing in September 2020, the ALJ issued a new decision on December

29, 2020, finding plaintiff not disabled. AR 16-25, 32-67. Specifically, the ALJ found that:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2. The claimant engaged in substantial gainful activity after the alleged onset date of disability.

\* \* \*

3. The claimant has the following severe impairments: Lyme disease and undifferentiated and mixed connective disuse disease.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).

\* \* \*

6. The claimant is capable of performing past relevant work as a social worker and a caseworker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2012, through the date of this decision.

AR 18-25 (citations to the code of regulations omitted).

Plaintiff's request for review by the Appeals Council was denied. AR 1-6. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff argues that the ALJ erred in four ways. ECF No. 15 at 11. First, she contends that the ALJ's second decision is inexplicably at odds with her first. *Id.* at 13. Second, and

relatedly, she argues that the ALJ erred in rejecting the opinion of her treating physician, Dr. Gordon. *Id.* at 14-16. Finally, she contends that the ALJ improperly rejected her testimony. *Id*. at 16-20. The second argument is persuasive; I find it unnecessary to reach the other two.

In her step two analysis finding plaintiff's diagnosed PTSD and affective disorders non-severe, the ALJ rejected the opinion of plaintiff's long-term treating physician, Dr. Eric Gordon. AR 20. Plaintiff correctly argues that the ALJ failed to provide specific and legitimate reasons for doing so. ECF No. 15 at 14-16. The disability application at bar was filed before March 27, 2017; applicable regulations required the ALJ to "weigh[] medical opinions based on the extent of the doctor's relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 789, 792 (9th Cir. 2022).[1] "As a general rule, more weight should be given to the opinion of a treating [physician] than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ had to provide "clear and convincing reasons" to reject an uncontradicted treating physician's opinion; or, if the treating physician's opinion has been contradicted by another medical opinion, the ALJ had to provide "specific and legitimate reasons" for rejecting it. *Woods*, 32 F.4th at 789 (citing *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)). The ALJ's reasons were require to be supported by substantial evidence, and the opinion of a non-examining physician could not by itself constitute such substantial evidence. *Id.* at 789; *Lester*, 81 F.3d at 831. "[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (internal citations and quotation marks omitted).

The ALJ provided a thorough summary of the findings and opinions in Dr. Gordon's October 2016 letter:

---

[1] The SSA has promulgated revised regulations for the evaluation of medical opinion evidence, which apply to applications filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Under the updated regulations, no "special deference [is accorded] to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods*, 32 F.4th at 792. Plaintiff filed her application on March 29, 2016.

4

> [Dr. Gordon] stated that the claimant has anxiety with panic attacks; depression with frequent suicidal ideation; irritability/rage attacks with a lack of impulse control, rapid mood swings, obsessive compulsive thoughts and behaviors, paranoia with episodes of delusional thinking, frequent tearfulness, significantly diminished ability to deal with stress, intolerance for social interaction, [and several cognitive impairments.] . . . Dr. Gordon stated that the claimant's depression is unrelenting and most prominent. He found she clearly meets the criteria for severe chronic illness. He noted she has medical crises every few months that qualify as acute. She has declined antipsychotic medications due to difficulty with side effects. Her overall functionality remains poor despite intermittent mild improvements.

AR 21. The ALJ acknowledged that Dr. Gordon supported his lengthy opinion with references to signs and documentation in the medical record, but nevertheless rejected his findings. AR 21. None of the reasons that the ALJ provided satisfy the specific-and-legitimate standard.

First, the ALJ asserted that Dr. Gordon's opinion had issues with "consistency." AR 21. In support of this claim, she stated that plaintiff "has often presented to care with normal examination findings." AR 21. The ALJ failed to provide any record citations for this claim, however, and did not explain how the uncited "normal examination findings" provide a basis for rejecting Dr. Gordon's otherwise detailed findings of poor functioning. *See Benjamin S. v. Kijakazi*, Case No. 1:21-cv-00414-CWD, 2022 U.S. Dist. LEXIS 208298, *14 (D. Idaho Nov. 15, 2022) ("The Court cannot find that the ALJ's conclusion was proper and well-supported when the ALJ failed to provide specific citations to the record when discounting [the physician] opinion.").

Second, she stated that Dr. Gordon's opinions "largely relate to physical examinations rather than mental or psychiatric examination findings." AR 21. This reason—again levied without elaboration or citation to the medical record—is belied by Dr. Gordon's own medical records and the records of his predecessor, Dr. Mora, both of which are replete with notes about plaintiff's mental state. *See, e.g.*, AR 868 (indicating depression, anxiety, and difficulties with concentration, memory, and scattered thoughts); AR 1226 (severe anxiety, paranoia, hallucinations), 1230 (anxiety), 1240 (angry and tearful, then OCD over cleanliness, severe depression), 1252 (severe brain fog), 1254 (severe depression, feels hopeless and helpless), 1260 (fatigue); 1826 (moods "get hit pretty hard every 2-3 weeks . . . [,] gets waves of feeling overwhelmed").

Third, the ALJ rejected Dr. Gordon's opinion because the claimant had engaged in work activity since the alleged onset date of disability and, therefore, appeared more functional than Dr. Gordon opined. To be sure, plaintiff's ability to engage in substantial gainful activity is a legitimate reason to discount Dr. Gordon's medical opinion as to plaintiff's capabilities during the period when she was working. However, Dr. Gordon provided his opinion in October 2016, a year before plaintiff returned to work, and his opinion is consistent with evidence of slow medical improvement—much of which is found in his own records. *See, e.g.*, AR 1821 (noting in January 2017 that plaintiff was "feeling better, so much better" and that she was "plateauing at 50%"). In the absence of explanation of how plaintiff's work activity in 2017 and 2018 contradicts medical testimony from 2016, such activity is not a legitimate reason to disregard all of Dr. Gordon's testimony. *See Smith*, 14 F.4th at 1113; *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008) ("Nor are the references in [a doctor's] notes that [the claimant's] anxiety and depression were 'improving' sufficient to undermine the repeated diagnosis of those conditions, or [another physician's] more detailed report.").

Finally, the ALJ found that Dr. Gordon's testimony "concerns the ultimate issue of disability, which adjudicators are to not give any special significance." AR 21. Even if the ultimate conclusion that plaintiff is disabled is reserved to the ALJ, the ALJ's own summary of Dr. Gordon's opinion demonstrates that it was not limited to the ultimate issue of disability. AR 21. The ALJ cannot disregard the remainder of Dr. Gordon's opinion on this basis.

Remand is required to allow for a proper evaluation of plaintiff's impairments. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is granted.
2. The Commissioner's cross-motion for summary judgment, ECF No. 19, is denied.
3. The matter is remanded for further proceedings consistent with this order.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   September 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE